1
2
3
4
5
6
IN THE UNITED STATES DISTRICT COURT
7
FOR THE DISTRICT OF ARIZONA
8
9   Lawrence Eugene Greer,              )
                                       )
                        Petitioner,    )
10                                      )
                v.                     )      CIV 05-1394 PHX EHC (VAM)
11                                      )
    Dora B. Schriro, et al.,           )      REPORT AND RECOMMENDATION
12                                      )
                        Respondents.   )
13  _____)

14  TO THE HONORABLE EARL H. CARROLL, U.S. DISTRICT JUDGE.

15          Lawrence Eugene Greer ("petitioner") filed a pro se Amended

16  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

17  Petitioner raises four grounds for relief in the amended petition.

18  (Doc. 4 at pp. 5-8).   Respondents filed an answer opposing the

19  granting of habeas relief.   (Doc. 14, 15 and 16).

20                              **BACKGROUND**

21          On September 26, 2001, petitioner was convicted in Maricopa

22  County Superior Court on one count of aggravated assault-

23  disfigurement.  (Doc. 15, Exhibit A at 46).   The prosecution also

24  alleged petitioner had six prior felony convictions.  (Id. at 7).

25  On October 26, 2001, the trial court held a trial on the prior

26  historical felony convictions and found the State had proved two.

27  (Id., Exhibit B at 51).  As a result of this finding, the Court

28  sentenced petitioner to a prison term of 12 years.   (Id., Exhibit

1 | B at 51; Exhibit E at 15-16, 21-25).

2 |     Petitioner appealed to the Arizona Court of Appeals.  His

3 | attorney filed a brief pursuant to Anders v. California, 386 U.S.

4 | 738 (1967). (Doc. 15 at Exhibit F).  Although, as noted by the

5 | Arizona Court of Appeals, petitioner's pro se appeal did not

6 | clearly raise any issue, reading his appeal brief liberally, it

7 | appears petitioner raised an allegation of "suppression of

8 | evidence" in violation of Brady v. Maryland, 373 U.S. 83 (1963) as

9 | well as a claim of coercing witnesses to commit perjury.  (See

10 | Doc. 15, Exhibit G at pp. 2-3).  In addition, the Arizona Court of

11 | Appeals addressed claims presented in a motion to dismiss that was

12 | attached to his appeal brief.  In the motion to dismiss,

13 | petitioner alleged that certain evidence should be precluded at

14 | trial because the prosecution failed to respond to discovery

15 | requests in violation of Ariz.R.Crim.P. 15.1(a)(4) and that this

16 | failure also violated his speedy trial rights.  (Id., Exhibit G,

17 | Motion to Dismiss at pp. 1-2).

18 |     In a memorandum opinion filed on January 9, 2003, the Arizona

19 | Court of Appeals affirmed petitioner's conviction and sentence.

20 | (Doc. 16, Exhibit H at p. 4).  In affirming, the Arizona Court of

21 | Appeals denied on the merits his claim that evidence should have

22 | been precluded at trial due to the prosecutions failure to respond

23 | to discovery requests.  The court stated that any claims

24 | petitioner raised alleging coersion of witnesses to give perjured

25 | testimony and failing to disclose exculpatory evidence in

26 | violation of Brady should be raised in a post-conviction relief

27 | petition where an evidentiary hearing may be held.  (Id.).

28 |

1     Petitioner initiated a post-conviction relief petition

2     pursuant to Ariz.R.Crim.P. 32.1 on January 23, 2003.  (Doc. 15 at

3     Exhibit I).  Eventually, petitioner filed a pro se Rule 32

4     petition.  Reading his rambling 20-plus page brief liberally, it

5     appears he raises claims of both a Brady violation and

6     prosecutorial use of perjured testimony, as well as a claim of

7     ineffective assistance of counsel for failing to test the

8     substance of the prosecution's case.  (See Doc. 16 at Exhibit O).

9     The State sought dismissal of the petition arguing it did not

10    comply with Ariz.R.Crim.P. 32.5 in that petitioner failed to

11    certify he was raising "every ground known to him or her for

12    vacating, reducing, correcting or otherwise changing all judgments

13    or sentences imposed" and for failing to submit an affidavit

14    attesting to the fact he had personal knowledge of all facts

15    raised in the petition.  (Doc. 16 at Exhibit P).  The State asked

16    that the petition be dismissed and that petitioner be given 30

17    days to file a new petition in compliance with Rule 32.5.

18    The trial court issued a minute order directing petitioner to

19    address these deficiencies outlined by the State.  Petitioner

20    filed additional briefs which the State contended still failed to

21    comply with Rule 32.5.  (See Doc. 16 at Exhibits Q,R,S).

22    Eventually, on March 17, 2004, the trial court entered a minute

23    order dismissing the Rule 32 petition.  (Doc. 16 at Exhibit AA).

24    Petitioner filed what the trial court characterized as a motion to

25    reconsider but the motion was denied.  (Id. at Exhibits BB, DD and

26    EE).

27    It appears that petitioner sought review before the Arizona

28                                    3

1   Court of Appeals but his petition for review was denied as

2   untimely, but noted that petitioner could return to the trial

3   court and attempt to provide an excuse for the untimeliness which,

4   if granted, would allow him to proceed with the petition for

5   review.  (Doc. 16 at Exhibit FF).  On approximately July 21, 2004,

6   petitioner did ask the trial court for permission to file an

7   untimely petition for review, (see id. at Exhibit GG), but then on

8   July 28, 2004, petitioner filed a petition for review in the

9   Arizona Supreme Court.  (Id. at Exhibit HH).  The Arizona Supreme

10  Court denied the petition for review without comment on November

11  8, 2004.  (Id. at Exhibit LL).

12      On December 7, 2004, petitioner filed a paper entitled 28 USC

13  2254 in the trial court.  (Doc. 16 at Exhibit MM).  Petitioner

14  appears to have raised the following claims in the second Rule 32:

15  (1) the prosecution used perjured testimony at trial; (2) the

16  state failed to disclose evidence favorable to petitioner in

17  violation of Brady; and (3) appellate counsel rendered ineffective

18  assistance.  (See id.).  On December 23, 2004, the trial court

19  denied the petition finding that all claims were barred pursuant

20  to Ariz.R.Crim.P. 32.2(a) because they could have been raised in

21  petitioner's direct appeal or his first Rule 32 petition.  (Doc.

22  16 at Exhibit NN).  Petitioner filed a petition for review with

23  the Arizona Court of Appeals but the court held that his February

24  1, 2005, petition for review was untimely.  (Id. at Exhibit OO).

25  On July 7, 2005, the Arizona Court of Appeals denied the petition

26  for review without comment.  (Doc. 11 at Attachment).

27      On May 11, 2005, petitioner filed for federal habeas relief.

28                                    4

1  Subsequently, petitioner filed an amended petition.  The amended

2  petition makes no sense and does not coherently raise any issue.

3  The Court interprets the issues as follows:

4      **GROUND I:** Ineffective Assistance of Counsel -

5      The prosecution introduced perjured testimony

6      **GROUND II:** Ineffective Assistance of Appellate Counsel -

7      "my counsel's functions vitiated my constitutional right
    to counsel, when he opposed my first direct appeal ...."

8

9      **GROUND III:** "In violation of due process clause of the Fifth
    Fourteenth Amendment [petitioner] states that he was
    denied due process of law when the jury was duly

10      impanelled [sic] and sworned [sic] in I was judicially
    overreached."

11

12      **GROUND IV:** Ineffective Assistance of Counsel - counsel
    had a conflict of interest and "... mislead his client
    into believing that the trial judge dismissed the

13      provisions ..."

14  (Doc. 4 at pp. 5-8).

15  **DISCUSSION**

16      Respondents seek denial of the amended petition because they

17  contend all claims have been procedurally defaulted.

18  **A. Anti-Terrorism and Effective Death Penalty Act of 1996**

19      Pursuant to 28 U.S.C. § 2254(d), the following standard for

20  granting a federal habeas petition originating from a state court

21  conviction applies:

22      An application for a writ of habeas corpus on behalf of
    a person in custody pursuant to the judgment of a State

23      court shall not be granted with respect to any claim
    that was adjudicated on the merits in State court

24      proceedings unless the adjudication of the claim--

25      (1) resulted in a decision that was contrary to, or
    involved an unreasonable application of, clearly

26      established Federal law, as determined by the Supreme
    Court of the United States; or

27

28  5

1           (2) resulted in a decision that was based on an
unreasonable interpretation of the facts in light of the

2           evidence presented in the State court proceedings.

3          The Act also codifies a presumption of correctness of state

4  court findings of fact.  28 U.S.C. § 2254(e)(1) states that "a

5  determination of a factual issue made by a State court shall be

6  presumed to be correct" and the petitioner has the burden of proof

7  to rebut the presumption by "clear and convincing evidence."  As

8  discussed more fully below, these provisions of the Act set the

9  standard for the Court's evaluation of the merits.

10          The Act limits the district court's discretion to hold

11  evidentiary hearings.  28 U.S.C. § 2254(e)(2) states:

12          If the applicant has failed to develop the factual basis
of a claim in State court proceedings, the court shall

13          not hold an evidentiary hearing on the claim unless the
applicant shows that--

14
        (A) the claim relies on--

15
        (i) a new rule of constitutional law, made retroactive

16          to cases on collateral review by the Supreme Court that
was previously unavailable; or

17
        (ii) a factual predicate that could not have been

18          previously discovered through the exercise of due
diligence; and

19
        (B) the facts underlying the claim would be sufficient

20          to establish by clear and convincing evidence that but
for constitutional error, no reasonable factfinder would

21          have found the applicant guilty of the underlying
offense.

22
        A petition may be denied on the merits even though it

23  contains unexhausted claims, and the state does not waive

24  exhaustion except by an express waiver on the record.  28 U.S.C.

25  §2254(b)(2) and (3).

26  **B. Exhaustion and Procedural Default**

27

28          6

1 | 1. Law Generally

2 |     A federal court has authority to review a federal

3 | constitutional claim presented by a state prisoner if available

4 | state remedies have been exhausted.  Duckworth v. Serrano, 454

5 | U.S. 1, 3 (1981)(per curiam); McQueary v. Blodgett, 924 F.2d 829,

6 | 833 (9th Cir. 1991).  The exhaustion doctrine, first developed in

7 | case law and codified at 28 U.S.C. § 2254, now states:

8 |     (b)(1) An application for a writ of habeas corpus on
    behalf of a person in custody pursuant to the judgment

9 |     of a State court shall not be granted unless it appears
    that--

10 |

11 |     (A) the applicant has exhausted the remedies available
    in the courts of the State; or

12 |     (B)(i) there is an absence of available state
    corrective process; or

13 |

14 |     (ii) circumstances exist that render such process
    ineffective to protect the rights of the applicant.

15 |     .......

16 |     (c) An applicant shall not be deemed to have exhausted
    the remedies available in the courts of the State,

17 |     within the meaning of this section, if he has the right
    under the law of the State to raise, by any available

18 |     procedure, the question presented.

19 |     The exhaustion requirement can be satisfied in one of two

20 | ways.  First, a petitioner can fairly present his or her claims to

21 | the Arizona Court of Appeals by properly pursuing them through

22 | either the state's direct appeal process or through appropriate

23 | post-conviction relief.  See Swoopes v. Sublett, 196 F.3d 1008,

24 | 1010 (9th Cir. 1999).  Only one of these avenues of relief must be

25 | exhausted before bringing a habeas petition in federal court.

26 | This is true even where alternative avenues of reviewing

27 | constitutional issues are still available in state court.  Brown

28 | 7

1  v. Easter, 68 F.3d 1209, 1211 (9th Cir. 1995); Turner v. Compoy,

2  827 F.2d 526, 528 (9th Cir. 1987), cert. denied, 489 U.S. 1059

3  (1989).

4      Claims presented in habeas petitions are considered exhausted

5  if they have been ruled upon by the Arizona Court of Appeals.

6  However, if the sentence received is life imprisonment, the claims

7  must be presented to the Arizona Supreme Court.   Swoopes, 196 F.3d

8  at 1010.   Although a federal habeas petitioner may reformulate

9  somewhat the claims made in state court, Tamapua v. Shimoda, 796

10  F.2d 261, 262 (9th Cir. 1986), rev'd in part on other grounds by

11  Duncan v. Henry, 513 U.S. 364 1995), the substance of the federal

12  claim must have been "fairly presented" in state court.   Anderson

13  v. Harless, 459 U.S. 4, 6 (1982)(per curiam); Picard v. Connor,

14  404 U.S. 270, 278 (1971).   While the petitioner need not recite

15  "book and verse on the federal constitution," Picard, 404 U.S. at

16  277-78 (quoting Daugherty v. Gladden, 257 F.2d 750, 758 (9th Cir.

17  1958)), it is not enough that all the facts necessary to support

18  the federal claim were before the state courts or that a "somewhat

19  similar state law claim was made."   Anderson, 459 U.S. at 6.

20      As an alternative to presenting his claims to the highest

21  state court, a petitioner can satisfy the exhaustion requirement

22  by demonstrating that no state remedies remained available at the

23  time the federal habeas petition was filed.   Engle v. Isaac, 456

24  U.S. 107, 125 (n. 28)(1982); White v. Lewis, 874 F.2d 599, 602

25  (9th Cir. 1989).   However, this path is fraught with danger:

26        If state remedies are not available because the
         petitioner failed to comply with state procedures and
27        thereby prevented the highest state court from reaching

28

1

2

          the merits of his claim, then a federal court may refuse
          to reach the merits of that claim as a matter of comity.

Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988); see also

Swoopes, 196 F.3d at 1010 (determining that the exhaustion

requirement is satisfied if a petitioner presented a claim to the

Arizona Court of Appeals either on direct review or via a petition

for post-conviction relief).  This failure to comply with

reasonable state procedures is usually characterized as

"procedural default," "procedural bar," or a "waiver."  As

discussed, exhausting state remedies by means of a procedural

default is risky.  The burden is on the petitioner to show that he

or she has properly exhausted each claim.  Dismissal of the

petition is proper when the record does not show that the

exhaustion requirement is met.  Cartwright v. Cupp, 650 F.2d 1103,

1104 (9th Cir. 1981)(per curiam), cert. denied, 455 U.S. 1023

(1982).  If the unavailability of state remedies is in no way the

fault of the petitioner or his or her counsel, the exhaustion

requirement will likely be satisfied and a federal court may reach

the merits of the petitioner's habeas claims.

     In many cases, however, the lack of available state remedies

is a direct result of the petitioner's failure to avail himself of

the state remedies in a timely or procedurally correct manner.  In

such instances, the petitioner has procedurally defaulted, and may

not obtain federal habeas review of that claim absent a showing of

"cause and prejudice" sufficient to excuse the default.[1]  Reed v.

---

[1]Appellate defaults are examined under the same standards that apply when a defendant fails to preserve a claim during trial. Smith v. Murray, 477 U.S. 527, 533 (1986).

9

1    Ross, 468 U.S. 1, 11 (1984); Wainwright v. Sykes, 433 U.S. 72, 90-

2    91 (1977); see also Teague v. Lane, 489 U.S. 288, 298 (1989);

3    Tacho v. Martinez, 862 F.2d 1376, 1380 (9th Cir. 1988).  "Cause"

4    is the legitimate excuse for the default.  Thomas v. Lewis, 945

5    F.2d 1119, 1123 (9th Cir. 1991).  "Prejudice" is actual harm

6    resulting from the alleged constitutional violation.  Id.

7        "Because of the wide variety of contexts in which a

8    procedural default can occur, the Supreme Court 'has not given the

9    term "cause" precise content.'" Harmon v. Barton, 894 F.2d 1268,

10   1274 (11th Cir.)(quoting Reed, 468 U.S. at 13), cert. denied, 498

11   U.S. 832 (1990).  The Supreme Court has suggested, however, that

12   cause should ordinarily turn on some objective factor external to

13   petitioner, for instance:

14       ... a showing that the factual or legal basis for a
         claim was not reasonably available to counsel, (citation
15       omitted), or that "some interference by officials,"
         (citation omitted), made compliance impracticable, would
16       constitute cause under this standard.

17   Murray v. Carrier, 477 U.S. 478, 488 (1986); see also Harmon, 894

18   F.2d at 1275; Allen v. Risley, 817 F.2d 68, 69 (9th Cir. 1987).

19   The standard is one of discretion intended to be flexible and

20   yielding to exceptional circumstances.  Hughes v. Idaho State

21   Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).  The

22   "cause and prejudice" standard is equally applicable to pro se

23   litigants, Harmon, 894 F.2d at 1274; Hughes, 800 F.2d at 908,

24   whether literate and assisted by "jailhouse lawyers," Tacho, 862

25   F.2d at 1381; illiterate and unaided, Hughes, 800 F.2d at 909, or

26   non-English speaking.  Vasquez v. Lockhart, 867 F.2d 1056, 1058

27   (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).

28                                10

1          Finally, if a claim has been found to be procedurally

2     defaulted, the failure to establish cause for the default may be

3     excused under exceptional circumstances.  For instance:

4               ... in an extraordinary case, where a constitutional
               violation has probably resulted in the conviction of one
5               who is actually innocent, a federal habeas court may
               grant the writ even in the absence of showing cause for
6               the procedural default.

7     <u>Murray</u>, 477 U.S. at 496; <u>see also</u> <u>Schlup v. Delo</u>, 513 U.S. 298,

8     327 (1995)(to meet the <u>Murray</u> standard, "the petitioner must show

9     that it is more likely than not that no reasonable juror would

10    have convicted him in the light of the new evidence").

11          <u>2. Application of Law to Facts of the Case</u>

12          Respondents contend that petitioner's habeas claims were not

13    properly exhausted in state court and are now procedurally barred

14    from consideration on federal habeas review.  The record clearly

15    shows that petitioner never properly exhausted his habeas claims

16    in state court.  In his direct appeal petitioner did raise a claim

17    of failing to disclose exculpatory evidence and use of perjured

18    testimony.  However, the Arizona Court of Appeals declined to

19    address these issues on the merits because "[t]hese kinds of

20    issues can only be fully addressed after an evidentiary hearing

21    ... due to the lack of a record.  The proper procedure is a Rule

22    32 motion ..."  (Doc. 15, Exhibit H at p. 4).

23          Petitioner never properly exhausted these issues, or any

24    other issues he raised in his amended habeas petition during his

25    two Rule 32 proceedings.  Both proceedings were dismissed by the

26    state courts as procedurally infirm.  (<u>See</u> Doc. 16 at Exhibits AA,

27    FF, LL, NN and OO).  For this reason the claims were not properly

28                                   11

1   exhausted.  Moreover, the time to return to state court and raise

2   these issues in a new Rule 32 proceeding has long since passed.

3   Petitioner has not shown that his claims fall within any of the

4   narrow exceptions provided under Arizona law for filing successive

5   petitions.  See Ariz.R.Crim.P. 32.4(a).  As a result, petitioner

6   has no remaining state remedies with respect to any of the claims

7   presented in his amended habeas petition and these claims are

8   technically exhausted.  Technical exhaustion is not proper

9   exhaustion.  See Reed, 468 U.S. at 11.  Unless petitioner can

10   present cause and prejudice for failing to exhaust these claims

11   properly, his claims are procedurally barred from consideration in

12   a federal habeas petition.

13        Petitioner has not demonstrated cause for failing to present

14   these claims in a procedurally proper manner in state court.  As a

15   result these claims are procedurally defaulted.  However, the

16   Court may ignore the procedural default if petitioner can show

17   evidence of actual innocence such that it is more likely than not

18   that no reasonable juror would have convicted him.  Murray, 477

19   U.S. at 496; Schlup, 513 U.S. at 327.  Petitioner has made no such

20   showing.

21        **IT IS THEREFORE RECOMMENDED** that the Amended Petition for

22   Writ of Habeas Corpus be denied.

23        This Report and Recommendation is not an order that is

24   immediately appealable to the Ninth Circuit Court of Appeals.  Any

25   notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of

26   Appellate Procedure, should not be filed until entry of the

27   district court's order and judgment.  The parties shall have ten

28

1  (10) days from the date of service of this Report and

2  Recommendation within which to file specific written objections

3  with the Court.  Thereafter, the parties shall have ten (10) days

4  within which to file a response to the objections.  Failure to

5  timely file objections to any factual determinations of the

6  Magistrate Judge will be considered a waiver of a party's right to

7  de novo consideration of the factual issues and will constitute a

8  waiver of a party's right to appellate review of the findings of

9  fact in an order or judgment entered pursuant to the Magistrate

10  Judge's Report and Recommendation.

11      DATED this 16th day of November, 2005.

12

13  _____

Virginia A. Mathis

14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                         13